DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JIMMY L. BOLINGER,**

        **Plaintiff,**

**v.**

**GRAHAM-ROGERS, INC.,**

        **Defendant.**

**CIVIL ACTION**

**No. 08-cv-2011-JWL-DJW**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel and Memorandum in Support (doc. 33). The Motion to Compel has been fully briefed and is now ripe for consideration. For the reasons set forth below, the Motion to Compel will be denied.

**I.  BACKGROUND**

According to Defendant, Plaintiff was hired to perform framing work for Don Camargo ("Camargo") on a construction project.[1] Camargo was issued policy no. 199B000832 by the Burlington Insurance Company (the "Burlington Policy").[2] Camargo entered into a Note, Disclosure Statement and Security Agreement (the "Finance Agreement") with Defendant to finance his premium payments to Burlington Insurance Company.[3] In the Finance Agreement, Camargo irrevocably appointed Defendant his agent and attorney in fact with full authority to cancel the Burlington Policy without notice to Camargo if Camargo failed to make timely payments.[4] Camargo

---

[1] *See* Mot. to Compel Disc. and Mem. in Supp. (doc. 33) ("Mot. to Compel"), at 1.

[2] *See* Pretrial Order (doc. 46) ("Pretrial Order"), at 2.

[3] *See id.*

[4] *See id.*, at 3.

failed to make the required monthly payments.[5] On May 17, 2004, Defendant mailed to Camargo a Notice of Intent to Cancel.[6] Camargo's Burlington Policy was cancelled effective May 27, 2004, 12:01 a.m.[7]

Plaintiff alleges he was injured at the construction site on May 27, 2004, and then brought suit against Camargo and others in the case, *Jimmy L. Bolinger v. Tom French Construction, Inc., et al*, Case No. 06CV510 in the District Court of Wyandotte County, Kansas (the "Underlying Action").[8] According to Plaintiff, the only claim made in the Underlying Action against Camargo was on the basis of negligence.[9] Plaintiff filed a motion for default judgment against Camargo in the Underlying Action.[10] A Journal Entry of Judgment was entered in the Underlying Action in favor of Plaintiff and against Camargo in the amount of $1 million.[11]

According to Defendant, Plaintiff then filed a garnishment action in the Underlying Action, captioned *Jimmy L. Bolinger v. Don Camargo d/b/a CA Mex Framing and Burlington Insurance*

---

[5] *See id.*

[6] *See id.*

[7] *See id.* The Court notes that although the Pretrial Order states that the Burlington Policy was cancelled effective May 27, 2007, 12:01 a.m., it appears to the Court that this is an error and that the parties intended to state that the Burlington Policy was cancelled effective May 27, 2004, 12:01 a.m.

[8] *See* Pretrial Order, at 1 and 5; Mot. to Compel, at 1.

[9] *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Compel Disc. (doc. 40) ("Pl.'s Opp'n"), at 1; Pretrial Order, at 5.

[10] *See* Pretrial Order, at 2.

[11] *See id.*

*Co.*, Case No. 06CV510 (the "Garnishment Action").[12] Defendant alleges that Burlington Insurance Company denies Plaintiff's claims and the Garnishment Action is still pending.[13]

Plaintiff then filed this action, claiming that Defendant breached its Finance Agreement with Camargo when it cancelled the Burlington Policy effective May 27, 2004 at 12:01 a.m.[14] Plaintiff further claims that as a result of Defendant's cancellation of the Burlington Policy, Burlington Insurance Company refused to indemnify Camargo for the Journal Entry of Judgment in the Underlying Action.[15] Plaintiff alleges that Camargo assigned his claims against Defendant to Plaintiff.[16]

On June 23, 2008, Defendant served on Plaintiff's counsel its First Request for Production of Document [sic] to Plaintiff (doc. 33-2). On July 21, 2008, Plaintiff served his Response to Defendant's Request for Production of Documents (doc. 33-3), which included several objections to the document requests. The parties were unable to resolve the discovery dispute and, thus, Defendant filed its Motion to Compel.

## II.   CONFERENCE REQUIREMENTS

---

[12] *See* Mot. to Compel, at 1.

[13] *See id.*, at 1-2.

[14] *See* Pretrial Order, at 4.

[15] *See id.*, at 5.

[16] *See id.*

Before considering the merits of Defendant's Motion to Compel, as a procedural matter the Court must determine whether Defendant's counsel has complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas. Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[17] Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[18]

In addition, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[19] D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[20]

Defendant's counsel's efforts to resolve the discovery dispute are outlined in the Motion to Compel, which contains Defendant's Certification of Compliance with Fed. R. Civ. P. 37(d) and D.

---

[17] Fed. R. Civ. P. 37(a)(1).

[18] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[19] D. Kan. Rule 37.2.

[20] *Id*.

Kan. Rule 37.2.[21]   In order to resolve this discovery dispute, Defendant's counsel sent a letter to Plaintiff's counsel outlining the discovery dispute and requesting that counsel discuss these issues by telephone.[22] Counsel for the parties then conferred by telephone and were able to resolve all of the discovery issues with the exception of the document requests at issue here - Document Request Nos. 6 and 7.  Plaintiff does not dispute that counsel for the parties conferred and attempted to resolve this discovery dispute before Defendant filed its Motion to Compel.[23]

The Court has considered Defendant's counsel's efforts to resolve this discovery dispute, and concludes that Defendant's counsel has satisfied the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2.  Having determined that Defendant's counsel has satisfied the conference requirements, the Court will address the specific document requests and objections at issue in the Motion to Compel.

### III. DOCUMENT REQUESTS

There are two document requests at issue here - Document Request Nos. 6 and 7.

As an initial matter, the Court finds that Plaintiff has waived two of the three objections raised in his Memorandum in Opposition to Defendant's Motion to Compel Discovery (doc. 40). In his Memorandum in Opposition to Defendant's Motion to Compel Discovery, Plaintiff asserts that Document Request Nos. 6 and 7 are (1) vague, (2) burdensome, and (3) not likely to lead to the

---

[21] *See* Mot. to Compel, at 2 and 4.

[22] *See id.*, at 2.

[23] *See* Pl.'s Opp'n.

discovery of relevant information.[24] However, in his initial Response to Defendant's Request for Production of Documents (doc. 33-3), Plaintiff only raised this third objection - that the document requests are not relevant to any issue in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.[25] Thus, the Court will not consider Plaintiff's vague and burdensome objections because Plaintiff waived these objections when he failed to timely raise them in his initial response to the document requests, and he has not established good cause to excuse this failure.[26]

### A.     Document Request No. 6

Document Request No. 6 seeks copies of all discovery requests and responses, including documents produced by any party, in the Underlying Action and the Garnishment Action. Plaintiff objects to this request on the grounds that it is not relevant to any issue in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.[27]

---

[24] *See* Pl.'s Opp'n., at 1.

[25] *See* Pl.'s Resp. to Def.'s Req. for Produc. of Docs. (Doc. 33-3), at 1.

[26] It is well settled that any objections to discovery requests which are not timely asserted are deemed waived, unless the responding party establishes good cause to excuse its failure to timely object. *See, e.g.*, *Lipari v. U.S. Bancorp., N.A.*, No. 07-2146-CM, 2008 WL 2704473, at *1, n. 2 (D. Kan. July 8, 2008) (objections to requests for production waived when not asserted in a timely response to the requests); *Brackens v. Shield*, No. 06-2405-JWL, 2007 WL 2122428, at * 1 (D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("[The Court] deems objections not initially raised as waived.... The waiver or abandonment of objections also precludes their later assertion in a supplemental response.").

[27] *See* Pl.'s Resp. to Def.'s Req. for Produc. of Docs. (Doc. 33-3), at 1; Pl's Opp'n, at 1.

6

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[28] "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action."[29]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[30]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[31]

The Court has reviewed Document Request No. 6 and finds the request is not relevant on its face. It is not readily apparent to the Court how discovery conducted in the Underlying Action, where Plaintiff obtained a default judgment against Camargo, could possibly lead to the discovery of relevant information in this lawsuit. Similarly, it is not readily apparent to the Court how discovery conducted in the Garnishment Action, where Plaintiff seeks to collect on the default judgment against Camargo, could possibly lead to the discovery of relevant information in this

---

[28] Fed. R. Civ. P. 26(b)(1).

[29] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D. Kan. 2000)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[30] *Etienne*, 185 F.R.D. at 656 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (quotations omitted).

[31] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

lawsuit. Thus, Defendant has the burden of showing how Document Request No. 6 seeks relevant information.

In arguing that Document Request No. 6 seeks relevant information, Defendant argues that Plaintiff filed this action for breach of contract alleging that the Burlington Policy was improperly cancelled and that the policy provided coverage for the claims made in the Underlying Action.[32] Thus, Defendant argues that Document Request No. 6 seeks relevant information because "[c]laims made by Plaintiff in the Underlying Action go directly to the determination of whether there would be coverage under the Burlington Policy"[33] and "[t]he discovery in the Underlying Action and in the Garnishment Action could very well lead to information relevant to a determination of coverage for Plaintiff's claims in the Underlying Action."[34]

Plaintiff argues that Document Request No. 6 does not seek relevant information because discovery conducted in the Underlying Action and the Garnishment Action would not reveal information regarding coverage of Plaintiff's claims under the Burlington Policy. Plaintiff claims that Camargo's deposition was never taken and no discovery was conducted relative to him in the Underlying Action.[35] Plaintiff further claims that the discovery directed at the other two defendants in the Underlying Action would not shed any light on the claims made against Camargo.[36] Further, Plaintiff argues that the only claim made in the Underlying Action against Camargo was on the basis

---

[32] *See* Mot. to Compel, at 2.

[33] *Id.*, at 3.

[34] *Id.*, at 4.

[35] *See* Pl.'s Opp'n, at 1.

[36] *See id.*

8

of negligence and that a claim for negligence is covered under a commercial general liability policy.[37] Plaintiff also argues that Camargo admitted negligence when he defaulted and the court entered a Journal Entry of Judgment against Camargo in the Underlying Action.[38] Finally, Plaintiff claims that no issues of coverage other than the cancellation of the Burlington Policy for non-payment of premiums have been litigated in the Garnishment Action.[39]

The Court has considered Defendant's arguments concerning the relevancy of Document Request No. 6 and finds that Defendant has failed to meet its burden. While the issue of coverage for Plaintiff's claims under the Burlington Policy may be relevant to this lawsuit, Defendant fails to articulate how the discovery requests and responses in the Underlying Action and the Garnishment Action could possibly lead to the discovery of information regarding a determination of coverage for Plaintiff's claims in the Underlying Action. Instead, Defendant makes conclusory statements about the relevancy of this information. Such statements are not sufficient to satisfy Defendant's burden. Thus, the Court will deny Defendant's Motion to Compel responses to Document Request No. 6.

### B. Document Request No. 7

Document Request No. 7 seeks copies of any depositions taken in the Underlying Action and the Garnishment Action, along with any exhibits identified therein. Plaintiff objects to this request

---

[37] *See id.*

[38] *See id.*

[39] *See id.*

9

on the grounds that it is not relevant to any issue in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.[40]

The Court has reviewed Document Request No. 7 and finds that the request is not relevant on its face. It is not readily apparent to the Court how depositions taken in the Underlying Action or the Garnishment Action could possibly lead to the discovery of relevant information in this lawsuit. Thus, Defendant has the burden of showing how Document Request No. 7 seeks relevant information.

Defendant makes the same arguments in support of its claim that Document Request No. 7 seeks relevant information as it did in support of its claim that Document Request No. 6 seeks relevant information. Defendant claims that Document Request No. 7 seeks relevant information because the depositions "in the Underlying Action and in the Garnishment Action could very well lead to information relevant to a determination of coverage for Plaintiff's claims in the Underlying Action."[41]

The Court has considered Defendant's arguments concerning the relevancy of Document Request No. 7 and finds that Defendant has failed to meet its burden. Although the issue of coverage under the Burlington Policy may be relevant in this case, Defendant fails to explain how the depositions taken in the Underlying Action and the Garnishment Action could possibly lead to the discovery of information regarding coverage issues. Instead, Defendant makes conclusory

---

[40] *See* Pl.'s Resp. to Def.'s Req. for Produc. of Docs. (Doc. 33-3), at 1; Pl's Opp'n at 1.

[41] *See* Mot. to Compel, at 4.

statements regarding the relevancy of Document Request No. 7. These conclusory statements are not sufficient to satisfy Defendant's burden. Thus, the Court will deny Defendant's Motion to Compel responses to Document Request No. 7.

**IV.    SANCTIONS**

While neither Defendant nor Plaintiff address the issue of sanctions, the Court must now consider the issue because the Court has denied the Motion to Compel. Fed. R. Civ. P. 37 governs the imposition of sanctions in connection with motions to compel. Subsection (a)(5)(B) provides that when a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."[42] However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."[43]

The Court has considered the Motion to Compel and the related pleadings and finds that the Motion to Compel was substantially justified. Thus, the Court will not require Defendant or Defendant's attorney to pay Plaintiff its reasonable expenses incurred in opposing the Motion to Compel. Each party shall bear its own expenses incurred in connection with the Motion to Compel.

---

[42] Fed. R. Civ. P. 37(a)(5)(B).

[43] *Id.*

11

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel and Memorandum in Support (doc. 33) is denied. Each party shall bear its own expenses incurred in connection with the Motion to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of October 2008.

s/ David J. Waxse<br>David J. Waxse<br>U.S. Magistrate Judge

cc: All counsel and *pro se* parties