DJW/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JIMMY L. BOLINGER,**

                    **Plaintiff,**

                                             CIVIL ACTION

**v.**

                                             Case No.   08-cv-2011-EFM-DJW

**GRAHAM-ROGERS, INC.,**

                    **Defendant.**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Second Motion to Compel Discovery (doc. 56).[1] The Motion is fully briefed and, thus, is now ripe for consideration. For the reasons set forth below, the Motion is denied without prejudice to re-filing.

### I. BACKGROUND

Don Camargo was issued an insurance policy by the Burlington Insurance Company (the "Policy").[2] Camargo financed his premium payments to the Burlington Insurance Company by entering into a Note, Disclosure Statement and Security Agreement (the "Finance Agreement") with Defendant.[3] Under the Finance Agreement, Camargo irrevocably appointed Defendant his agent and attorney in fact with full authority to cancel the Policy without notice to Camargo if Camargo failed

---

[1] The Court notes that in support of his second motion to compel (doc. 56), Plaintiff refers the Court to his earlier Memorandum in Support of Motion to Compel (doc. 16).

[2] *See* Pretrial Order (doc. 46) at 2.

[3] *See id.* at 2-3.

to make timely payments.[4] "Camargo failed to make the required monthly payments."[5] "On May 17, 2004, Defendant mailed to Camargo a Notice of Intent to Cancel."[6] Plaintiff contends that the Notice of Intent to Cancel provided that if Camargo failed to pay his premium within ten days, then Defendant would cancel the Policy.[7] Camargo's Policy with the Burlington Insurance Company was cancelled effective May 27, 2004, at 12:01 a.m.[8]

Plaintiff contends that he was injured at approximately 9:00 a.m. on May 27, 2004.[9] According to Plaintiff, he brought suit against Camargo for negligence and obtained judgment against Camargo in the amount of $1,000,000.00.[10] Plaintiff claims that as a result of Defendant's cancellation of the Policy, Burlington Insurance Company refused to indemnify Camargo for this judgment.[11] Plaintiff contends that Camargo assigned his claims against Defendant to Plaintiff.[12]

Plaintiff filed this action claiming that Defendant breached its Finance Agreement with Camargo when it cancelled the Policy effective May 27, 2004, at 12:01 a.m.[13] Plaintiff argues that

---

[4] *See id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *See id.* at 4.

[8] *See* Pretrial Order (doc. 46) at 3.

[9] *See id.* at 5.

[10] *See id.*

[11] *See id.*

[12] *See id.*

[13] *See id.* at 4.

according to the plain language of the Notice of Intent to Cancel, Defendant could not cancel Camargo's Policy with the Burlington Insurance Company until May 28, 2004.[14]

On April 10, 2008, Plaintiff served Defendant with Plaintiff's First Interrogatories to Defendant Graham Rogers, Plaintiff's Request for Production of Documents, and Plaintiff's Request for Admissions.[15] Defendant served its responses and objections to Plaintiff's interrogatories, request for production of documents, and request for admissions on May 9, 2008.[16] This discovery dispute arises out of Plaintiff's Requests for Admission Nos. 1 through 10, and his corresponding Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5.

## II.   CONFERRING REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[17] Therefore, before addressing the merits of Plaintiff's Motion, the Court must determine whether Plaintiff's counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in

---

[14] *See* Pretrial Order (doc. 46) at 4.

[15] *See* Notice of Service (doc. 7).

[16] *See* Certificate of Service (doc. 10).

[17] D. Kan. Rule 37.2.

3

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[18]  Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[19]

In addition, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[20]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[21]

Plaintiff's counsel's efforts to resolve this discovery dispute are outlined in Plaintiff's memorandum in support of its Motion (doc. 16), and Plaintiff's counsel included the correspondence between Plaintiff's counsel and Defendant's counsel as exhibits to Plaintiff's memorandum.  It appears to the Court that before the Motion was filed, counsel for the parties exchanged letters and telephone conversations, wherein they discussed in detail the discovery dispute and the parties' respective positions.  The Court notes that Defendant makes no argument that Plaintiff's counsel failed to satisfy the conferring requirements.

---

[18] Fed. R. Civ. P. 37(a)(1).

[19] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[20] D. Kan. Rule 37.2.

[21] *Id*.

4

Having reviewed the memorandum and the correspondence between counsel for the parties, the Court finds that Plaintiff's counsel has satisfied the conferring requirements set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. Having determined that Plaintiff's counsel has satisfied the conferring requirements, the Court will address the merits of the Motion.

### III.   REQUESTS FOR ADMISSION

Plaintiff issued ten Requests for Admission, all of which are a variation of the following: "Do you admit that the first day after May 17, 2004 is from 12:01 a.m. until 12:00 p.m. on May 18, 2007?" According to Plaintiff, the ten Requests for Admission all seek to have Defendant calculate ten days after May 17, 2004.[22] Defendant objects to all ten of the Requests for Admission on the grounds that they call for a legal conclusion, and that they are vague and ambiguous because no context or reference is given for the computation of time.[23]

#### A.    Legal Conclusion

Defendant objects to Plaintiff's ten Requests for Admission on the grounds that they call for legal conclusions and constitute pure questions of law and, therefore, are not proper requests for admission under Fed. R. Civ. P. 36(a)(1).[24] Under Fed. R. Civ. P. 36(a)(1), "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either . . . ."[25] "Rule

---

[22] *See* Mem. in Supp. of Mot. to Compel (doc. 16) at 1.

[23] *See* Resp. to Req. for Admission (doc. 16-2).

[24] *See* Def.'s Resp. to Pl.'s Second Mot. to Compel Disc. (doc. 62) at 2.

[25] Fed. R. Civ. P. 36(a)(1)(A).

36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."[26] Defendant, as the party objecting to the requests for admission, has the burden of persuasion to justify its objections.[27]

"As a general rule, requests for admission . . . are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case."[28] Here, all of Plaintiff's Requests for Admission relate to the facts of the case. Plaintiff's ten Requests for Admissions seek to have Defendant calculate the ten days after May 17, 2004, the date of the Notice of Intent to Cancel, which provided Camargo ten days to pay his Policy premiums before Defendant cancelled the Policy. Although this computation of time may require Defendant to apply a contract rule or a statute, such an application of the law to the facts of the case is specifically permitted by Fed. R. Civ. P. 36(a)(1). Furthermore, even if this computation of time requires Defendant to first decide whether to apply a contract rule or a statute, requesting such an opinion about the application of law to the fact of the case is also permitted by Fed. R. Civ. P. 36(a)(1). In sum, Plaintiff's ten Requests for Admission are not pure questions of law, but rather ask Defendant to apply the law to the facts of this particular case and to express opinions about the application of the law to the fact of this case.

---

[26] Fed. R. Civ. P. 36 advisory committee's notes (1970 Am.).

[27] *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 3171768, at *3 (D. Kan. Oct. 29, 2007) (citation omitted).

[28] *Id.* at 5 (citations and quotations omitted).

Accordingly, the Court overrules Defendant's legal conclusion objection to Plaintiff's Requests for Admission Nos. 1 through 10.

### B. Vague and Ambiguous

Defendant also objects to Plaintiff's Requests for Admission Nos. 1 through 10 on the grounds that the requests are vague and ambiguous in that they do not indicate the subject or context of what is being counted. It appears to the Court that in an effort to resolve this discovery dispute, Plaintiff's counsel agreed to remove the use of the time entry 12:01 a.m. to 12:00 p.m. in the ten Requests for Admission and agreed that Defendant should apply the Financing Agreement and Notice of Intent to Cancel to the ten Requests for Admission. It also appears that Plaintiff may have agreed to further revise the ten Requests for Admission. However, because of multiple communications exchanged by counsel for the parties, it is not clear to the Court exactly how the ten Requests for Admission should now be worded.

The Court concludes that as originally worded, Plaintiff's ten Requests for Admission were vague and ambiguous in that they failed to identify with specificity the context or basis for the calculation of the ten days after May 17, 2004. Consequently, the Court will sustain Defendant's vague and ambiguous objection. However, because it is clear to the Court that Plaintiff's Requests for Admission Nos. 1 through 10 have been revised to some extent, the Court will deny Plaintiff's Motion without prejudice to re-filing, and the parties are hereby ordered to meet and confer and make a good faith effort to reach an agreement regarding the exact wording of the ten Requests for Admission and to resolve this discovery dispute.

## IV.    INTERROGATORIES AND DOCUMENT REQUESTS

Plaintiff's Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5 all relate to the ten Requests for Admission. Interrogatories Nos. 1 through 10 ask Defendant to state the basis for its denial of any of the ten Requests for Admission, and Request for Production of Documents No. 5 asks Defendant to provide all documents identified in its answers to Plaintiff's Interrogatories. Defendant responded to each of the Interrogatories stating, "Not applicable. Defendant did not deny the Request, rather [D]efendant made a legal objection to the request." Because Defendant objects to all ten of the Requests for Admission, Defendant argues that its corresponding responses to Plaintiff's Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5 are proper.

Because the Court has ordered the parties to meet and confer and make a good faith effort to reach an agreement regarding the exact wording of the ten Requests for Admission and to resolve this discovery dispute, it is not clear at this time whether Defendant needs to provide revised responses to Plaintiff's Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5. Consequently, when counsel for the parties meet and confer and make a good faith effort to resolve Defendant's vague and ambiguous objection to Plaintiff's ten Requests for Admission, the parties shall also make a good faith effort to resolve the dispute concerning Defendant's responses to Plaintiff's Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5.

## V.    EXPENSES

While neither Plaintiff nor Defendant address the issue of expenses, the Court must now consider the issue because the Court has denied Plaintiff's Motion. Fed. R. Civ. P. 37 governs the payment of expenses in connection with motions to compel. Fed. R. Civ. P. 37(a)(5)(B) provides

8

that when a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."[29] However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."[30]

The Court has considered the Motion, the relevant pleadings, and the correspondence between counsel for the parties, and finds that the Motion was substantially justified. Thus, the Court will not require Plaintiff or Plaintiff's attorney to pay Defendant its reasonable expenses incurred in opposing the Motion. Each party shall bear its own expenses incurred in connection with the Motion.

## VI. CONCLUSION

For the foregoing reasons, the Court overrules Defendant's legal conclusion objection to Plaintiff's Requests for Admission Nos. 1 through 10. In addition, the Court sustains Defendant's vague and ambiguous objection to Plaintiff's Requests for Admission Nos. 1 through 10. However, although the exact revised wording of Plaintiff's ten Requests for Admission is not known to the Court, it is clear to the Court that Plaintiff's counsel revised the wording of Requests for Admission Nos. 1 through 10 in an attempt to resolve this discovery dispute. Accordingly, the Court hereby orders counsel for the parties to meet and confer and make a good faith effort to reach an agreement regarding the exact wording of these ten Requests for Admission, to resolve Defendant's vague and ambiguous objection to Plaintiff's Requests for Admission Nos. 1 through 10, and to resolve the

---

[29] Fed. R. Civ. P. 37(a)(5)(B).

[30] *Id.*

9

corresponding issues with Defendant's responses to Plaintiff's Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5.  If the parties are unable to reach an agreement regarding this discovery dispute by **May 26, 2009**, then Plaintiff shall have until **May 29, 2009** to file a revised motion to compel Defendant's responses to Plaintiff's Requests for Admission Nos. 1 through 10, Interrogatories Nos. 1 through 10, and Request for Production of Documents No. 5. Plaintiff's motion to compel must set out the parties' attempts to meet and confer and explain in detail the discovery dispute remaining to be resolve by the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Discovery (doc. 56) is denied without prejudice to re-filing by **May 29, 2009** after counsel for the parties have met and conferred and made a good faith effort to reach an agreement regarding the exact wording of Plaintiff's Requests for Admission Nos. 1 through 10, to resolve Defendant's vague and ambiguous objection to Plaintiff's Requests for Admission Nos. 1 through 10, and to resolve the corresponding issues with Defendant's responses to Plaintiff's Interrogatories Nos. 1 through 10 and Request for Production of Documents No. 5.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of May 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties